Patrick Cummins, CA Bar No.: 294400
Patrick@CumminsIP.com
Cummins Intellectual Property (IP)
 Law PLLC
3426 Pepperhill Rd.,
 Lexington, KY 40502
TEL: 502 445 9880
*Counsel for Plaintiff,*
 *DS Advanced Enterprises, Ltd.*

# U.S. DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., A CORPORATION, **_Plaintiff,_** v. COOPER LIGHTING, LLC, A CORPORATION, LOWE'S HOME CENTERS, LLC, A CORPORATION, HOME DEPOT USA, INC, A CORPORATION, AMAZON.COM, INC, A CORPORATION, and AMAZON.COM SERVICES LLC, A CORPORATION, **_Defendants._** | Case No.: **COMPLAINT FOR PATENT INFRINGEMENT** **DEMAND FOR JURY TRIAL** |



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

Plaintiff, DS ADVANCED ENTERPRISES, LTD ("PLAINTIFF"), by and through counsel Cummins Intellectual Property (IP) Law PLLC, for this Complaint against the following Defendants LOWE'S HOME CENTERS, LLC, COOPER LIGHTING, LLC, HOME DEPOT USA, INC, AMAZON.COM, INC, AMAZON.COM SERVICES LLC, collectively referred to as DEFENDANTS, allege as follows:

## PARTIES

1.      PLAINTIFF, DS Advanced Enterprises, LTD. ("DSAE"), is an Ontario corporation with a principal place of business at 34 Park Court, Niagara-on-the-Lake, ON L0S 1J0, Canada.

2.      PLAINTIFF is the owner of U.S. Patent 11,054,118 (Exhibit 1) and sells lighting products in the United States and internationally.

3.      DEFENDANT Lowe's Home Centers, LLC ("LOWES DEFENDANT") is a North Carolina corporation with a principal place of business at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina, 27608, and other business locations throughout California State and this District, including at least 3984 Indian Ave., Perris, California 92571.  See Exhibit 39[1].

4.      DEFENDANT Cooper Lighting, LLC (d.b.a., Cooper Lighting Solutions LLC) ("COOPER DEFENDANT") is a Delaware corporation with a principal place of business at 1121 Highway 74 S, Peachtree City, Georgia 30269, and other business locations throughout California State and this District, including at least 3350 S Enterprise Dr., Bloomington, California 92316-3538.  See Exhibit 44.

5.      DEFENDANT Home Depot USA, Inc. ("HOME DEPOT DEFENDANT"), is a Delaware corporation with a principal place of business at 2455 Paces Ferry Rd., Atlanta, Georgia 30339, and other business locations throughout California State and this District, including at least 1451 W Foothill Blvd., Rialto, California 92376-4624. See Exhibit 38.

---

[1] Red boxes are added to some of the Exhibits to denote importance of the boxed content

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

6.    DEFENDANTS Amazon.com, Inc. (d.b.a., "Amazon") and Amazon.com Services, LLC. (d.b.a., "Amazon Services") (collectively "AMAZON DEFENDANTS") are Delaware corporations having their principal place of business at 410 Terry Ave North, Seattle, Washington 98109, and other business locations throughout California State and this District, including at least 20901 Krameria Ave., Riverside, California 92518.  See Exhibit 45.

7.    Joinder of these DEFENDANTS is proper per 35 U.S.C. § 299.  Joinder is also proper per recent binding precedent.  See, *e.g.*, *In re EMC Corporation*, 677 F.3d 1351, 1359 (Fed. Cir. 2012) ("Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent.") (modified).  See, also, *Golden Bridge Tech., Inc. v. Apple Inc.*, Case No. 2:12-cv-4014-ODW(FFMx), 3-4 (C.D. Cal. Sep. 11, 2012).  PLAINTIFF notes that all DEFENDANTS are selling the Halo branded product having a model #CJB6099FS1EMWR.  See *infra* Tables 1-10.

8.    PLAINTIFF respectfully acknowledges that "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."  *Koninklijke Philips N.V. v. Acer Inc.*, Case No. 18-cv-01885-HSG, 4 (N.D. Cal. Sep. 24, 2018) citing *In re EMC Corporation* at 1360, and also citing *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013).

## JURISDICTION AND VENUE

9.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338, as the dispute between the parties presents a substantial question of federal patent law.

10.    The Court also has jurisdiction pursuant to 28 U.S.C. §2201(a), as PLAINTIFF seeks a declaration of rights in relation to DEFENDANTS.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

11.    This Court has personal jurisdiction over the DEFENDANTS because DEFENDANTS are regularly conducting business in California State and this District both directly and indirectly, through their properties in this District.  See *supra ¶¶* 1-6.

12.    This Court has personal jurisdiction over the DEFENDANTS because DEFENDANTS are regularly conducting business in California State and this District and, upon information and belief, deriving substantial revenue from business transacted within California State and this District by advertising, distributing, offering for sale, and/or selling of unauthorized goods that were imported into the United States and the seaports of California State (*e.g.*, at least, Port of Los Angeles, Port of Long Beach, etc.), and thus are subject to personal jurisdiction in this District.  See, *e.g.*, Exhibits 17, 38, 39, 44, 45, 46, 47, 51, 52, 55, and 63.  See, also, *supra* paragraphs 1-6.

13.    Venue is proper in this district under 28 U.S.C. §1400(b) and 28 U.S.C. §1391(b).  See, also, *Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co.*, Case No. SA CV 17-1748-DOC (JDEx), 6-7 (C.D. Cal. Jun. 22, 2018).

14.    Each DEFENDANT owns and operates retail stores and/or warehouses throughout California State and this District.

15.    LOWES DEFENDANT has a business location at 3984 Indian Ave., Perris, CA 92571.  See Exhibit 39.

16.    COOPER DEFENDANT has a business location at 3350 S Enterprise Dr., Bloomington, CA 92316-3538.  See Exhibit 44.

17.    AMAZON DEFENDANTS have a business location at 20901 Krameria Ave., Riverside, CA 92518.  See Exhibit 45.

18.    HOME DEPOT DEFENDANT has a business location at 1451 W Foothill Blvd., Rialto, CA 92376-4624.  See Exhibit 38.

19.    DEFENDANTS regularly utilized the ports of Los Angeles and Long Beach for the past several years (*e.g.*, see Exhibits 17, 46, 47, 51, 52, 55, 56, and 63, which include data that is publicly available via importyeti.com and usimports.info), thereby establishing a regular place of business within this jurisdiction.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

20.    Upon information and belief, DEFENDANTS' infringing activities occurred, at least, in this District.

## **GENERAL OVERVIEW**

21.    PLAINTIFF repeats and realleges paragraphs 1-20 of this Complaint, as if fully set forth herein.

22.    This is an action for Patent Infringement of U.S. Patent 11,054,118 ("PLAINTIFF'S PATENT") under 35 U.S.C. § 271 based on each respective DEFENDANT'S unauthorized commercial using, offering for sale, and selling in, and/or from, the United States, and importing into the United States, DEFENDANTS' lighting products, directly, indirectly, and/or by equivalents, and/or by the inducement of infringement by another.

23.    Mr. David Sherman is an officer of PLAINTIFF and inventor of PLAINTIFF'S PATENT.  Mr. David Sherman has decades of experience in the lighting industry.

24.    Mr. David Sherman's experience and ingenuity led to the invention claimed by PLAINTIFF'S PATENT.

25.    PLAINTIFF'S PATENT claims priority to provisional patent application no.: 62/673,595, filed May 18, 2018.

26.    PLAINTIFF'S PATENT has an earliest priority date of May 18, 2018, as indicated in Exhibit 4, which is a screenshot of Continuity Dates for Patent Application 16/392,731 as provided by USPTO.gov.

27.    PLAINTIFF'S PATENT was duly and legally issued on July 6, 2021, and names Mr. David Sherman as the inventor.  Attached as Exhibit 1 is a true and correct copy of PLAINTIFF'S PATENT.

28.    PLAINTIFF is the owner of the entire right, title, and interest in and to the validly issued PLAINTIFF'S PATENT, which was assigned to PLAINTIFF by an Assignment. A copy of the Assignment is provided as Exhibit 2.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

29.    PLAINTIFF'S officer, Mr. David Sherman, also earned international patents in Canada (CA3040941) and China (CN202020617429.6).  These international patents claim similar subject matter to the PLAINTIFF'S PATENT.

30.    PLAINTIFF designs and sells, in the United States and worldwide, their patented lighting fixtures, which are sold through manufacturers and/or by contacting PLAINTIFF through their website: www.dsaent.com.

31.    A screenshot of PLAINTIFF'S website, from July 23, 2021 (available via the Wayback Machine at www.archive.org/web), is included at the first page of Exhibit 3. Another screenshot of PLAINTIFF'S website from December 14, 2023 is included at the second page of Exhibit 3.

32.    On or around April 2, 2019, and August 27, 2019, approximately a year after the provisional filing date for PLAINTIFF'S PATENT, PLAINTIFF'S officer, Mr. David Sherman gave presentations to Home Depot regarding PLAINTIFF'S lighting products that are the subject of PLAINTIFF'S PATENT.  See Exhibits 6 and 7.

33.    Subsequent to these presentations, HOME DEPOT DEFENDANT began pirating PLAINTIFF'S lighting products by at least infringing each and every Claim of PLAINTIFF'S PATENT.  See *infra* Tables 1-10.

34.    On or around January 15, 2020, approximately a year after the provisional filing date for PLAINTIFF'S PATENT, Mr. David Sherman gave another presentation to Lowe's regarding PLAINTIFF'S lighting products that are the subject of PLAINTIFF'S PATENT.  See Exhibit 5.

35.    Subsequent to this other presentation, LOWES DEFENDANT began pirating PLAINTIFF'S lighting products by at least infringing each and every Claim of PLAINTIFF'S PATENT.  See *infra* Tables 1-10.

36.    Upon information and belief, HOME DEPOT DEFENDANT, LOWES DEFENDANT, and AMAZON DEFENDANTS purchase and retail COOPER DEFENDANT'S infringing "Halo" brand lighting products.  See, *e.g.*, Exhibits 9-16, 35-37, 40-43, and 50, and *infra* Tables 1-10.



37.     Upon information and belief, after filing PLAINTIFF'S PATENT application, PLAINTIFF'S approved manufacturer indicated, on or around March 2023, that Chinese lighting manufacturer, Zhejiang Yankon, purchased samples of PLAINTIFF'S lighting products.

38.     At least as of 2018 and 2021, Zhejiang Yankon publicly reported to be in business with COOPER DEFENDANT, COOPER DEFENDANT'S current parent company Signify of the Netherlands, LOWES DEFENDANT'S sister subsidiary LG Sourcing Inc., Costco, HOME DEPOT DEFENDANT, Wal-Mart, and GE Lighting.  See Exhibit 69 and its corresponding machine-translation at Exhibit 70.

39.     Each DEFENDANT is infringing PLAINTIFF'S PATENT by directly, indirectly, and/or by equivalents, using, selling, and offering for sale in and from the United States, and/or importing into the United States, each DEFENDANT'S pirated lighting products, and/or by inducing such infringement.

40.     Upon information and belief, on or before September 19, 2023, DEFENDANTS imported and/or sold, in the United States and internationally, DEFENDANTS' infringing lighting products in violation of 35 U.S.C. § 271.  See, *e.g.*, Exhibits 9-16, 35-37, 40-43, and 50, and *infra* Tables 1-10.

## **PLAINTIFF'S INITIAL MEETING WITH COOPER PRODUCTS-PURCHASER: HOME DEPOT**

41.     PLAINTIFF repeats and realleges paragraphs 1-40 of this Complaint, as if fully set forth herein.

42.     Upon information and belief, PLAINTIFF provided a first presentation to Home Depot on or around April 2, 2019, about a year after the provisional filing date for PLAINTIFF'S PATENT.  See Exhibit 6.

43.     Content of this first presentation included descriptions of PLAINTIFF'S PATENT.  Two slides from the first presentation are included in Exhibit 6.

44.     The first slide of the first presentation expressly indicated to Home Depot that PLAINTIFF'S PATENT was pending at the time of the presentation.  See Exhibit 6.



45.    Upon information and belief, PLAINTIFF provided a second presentation to Home Depot on or around August 27, 2019.  Content of the second presentation included descriptions of PLAINTIFF'S PATENT.  Three slides from the second presentation are included in Exhibit 7.

46.    The first slide of the second presentation also indicated to Home Depot that PLAINTIFF'S PATENT was pending at the time of the presentation.  See Exhibit 7.

47.    Upon information and belief, and as provided in Exhibit 7, participants to the presentations included product managers employed by Home Depot such as, but not limited to "Craig Brown" (a former employee of both Home Depot, and COOPER DEFENDANT'S former parent Company "Eaton Corporation").

48.    Upon information and belief, PLAINTIFF participated in a separate meeting on April 2, 2019 with Cameron Skilling, a buyer for Home Depot.  This separate meeting was also in furtherance of soliciting Home Depot to purchase PLAINTIFF'S products (*i.e.*, PLAINTIFF'S products that are the subject of PLAINTIFF'S PATENT) and retail PLAINTIFF'S products in HOME DEPOT DEFENDANT'S stores.

49.    LinkedIn profile pages for Cameron Skilling and Craig Brown are attached as Exhibits 48 and 49, respectively.

50.    Upon information and belief, Craig Brown indicated, in response to PLAINTIFF'S PRESENTATION, that PLAINTIFF'S lighting product (*i.e.*, the subject of PLAINTIFF'S PATENT) is different and unique relative to other products that suppliers previously showed to Craig Brown.

51.    Upon information and belief, and on or around the time of PLAINTIFF'S PRESENTATIONS to HOME DEPOT DEFENDANT, HOME DEPOT DEFENDANT expressed interest in retailing PLAINTIFF'S PATENTED product.

52.    Upon information and belief, Craig Brown visited a foreign lighting manufacturer and employees of HOME DEPOT DEFENDANT'S sister subsidiary in Asia, within about 3 months after PLAINTIFF'S second presentation (the presentation Craig Brown attended).


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

53.     HOME DEPOT DEFENDANT'S sister subsidiary in Asia is Home Depot
Investment Management (Shanghai) Co., Ltd. ("Home Depot China").  See Exhibit 67
and its corresponding machine-translation at Exhibit 68.

54.     Upon information and belief, Home Depot China, HOME DEPOT DEFENDANT,
and HOME DEPOT DEFENDANT'S parent company (The Home Depot, Inc.) share
one or more officers and/or employees.  For example, and upon information and belief,
Richard V. McPhail, Jocelyn Janine Hunter, and Kenneth David are officers/employees
of Home Depot China, HOME DEPOT DEFENDANT, and The Home Depot, Inc.
Therefore, these entities may share information regarding products, presentations, etc.
See Exhibit 75, which includes information believed to be sourced from governments of
the US State of Georgia and China.

55.     Upon information and belief, the foreign lighting manufacturer had one or more
samples of PLAINTIFF'S lighting product at the time of the visit from Craig Brown and
Home Depot China.

56.     Home Depot is a buyer of COOPER DEFENDANT'S products, which are
advertised under the brand name "HALO", which is attached to DEFENDANTS'
infringing products.  See Exhibits 8, 9, and 10, and *infra* Tables 1-10.

### PLAINTIFF'S INITIAL MEETING WITH COOPER PRODUCTS-PURCHASER: LOWE'S

57.     PLAINTIFF repeats and realleges paragraphs 1-56 of this Complaint, as if fully
set forth herein.

58.     Upon information and belief, and as provided in Exhibit 5, PLAINTIFF provided
a third presentation to the companies Lowe's and Rona, on or around January 15, 2020
(at the time, Rona was a sister subsidiary of LOWES DEFENDANT), and after
PLAINTIFF'S PATENT application was filed.

59.     Content of the third presentation included descriptions of PLAINTIFF'S
PATENT.  Slides from the third presentation are provided as Exhibit 5.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

60.     Slides from the third presentation expressly indicated to the companies Lowe's and Rona that PLAINTIFF'S PATENT was pending at the time of the presentation.  See Exhibit 5.

61.     Upon information and belief, the purpose of the third presentation was to solicit Lowe's to: (1) order PLAINTIFF'S lighting products from PLAINTIFF and (2) sell those products in at least LOWES DEFENDANT'S 1,737 retail stores across the United States.  See Exhibit 33.

62.     Upon information and belief, and as provided in Exhibit 5, participants to the third presentation included buying staff employed by the companies Rona and Lowe's such as, but not limited to, "Elaine Pellerin" and "Philippe Ciot."

63.     Upon information and belief, Elaine Pellerin was an agent of Lowe's Companies, Inc., which is the parent company of LOWES DEFENDANT, and which has employees common to LOWES DEFENDANT.  See, *e.g.*, Exhibit 18, which is a screenshot of Elaine Pellerin's LinkedIn profile, which is also accessible via the following URL https://ca.linkedin.com/in/elaine-pellerin-8875707a, at least as of December 12, 2023.

64.     Upon information and belief, Elaine Pellerin was also a chief procurement officer in lighting for RONA, which was acquired by Lowes Companies, Inc. on or before May 2016, prior to PLAINTIFF'S presentation to Lowe's.  See, *e.g.*, Exhibits 18, 19, and Rona's website: https://www.ronainc.ca/en/news/lowes-completes-acquisition-of-rona.

65.     Upon information and belief, Elaine Pellerin's LinkedIn profile indicates that she participated in "procurement for in-store deployment".  Therefore, since LOWES DEFENDANT'S infringing products are *not* sold in RONA or Lowe's Canadian stores but, rather, *are* sold in LOWE'S DEFENDANT'S US retail stores, Elaine Pellerin is reasonably believed to have performed product procurement for "in-store deployment" at LOWE'S DEFENDANT'S US retail stores.  See *Id*. and Exhibit 53.

66.     For example, Exhibit 53, shows screenshots of the Lowe's Canada website (the URL www.lowes.ca redirects to www.rona.ca).  Specifically, Exhibit 53 shows two separate instances of search results generated by the RONA website when



DEFENDANTS' infringing product numbers (*i.e.*, "CJB6099FS1EMWR" and "CJB4069FS1EMWR") are individually submitted as search queries.

67.    Upon information and belief, Philippe Ciot was a marketing specialist of Lowe's Canada, a now-dissolved subsidiary of LOWES DEFENDANT'S parent company, Lowes' Companies, Inc.   See Articles of Dissolution in Exhibit 20 and Exhibit 21.

68.    Philippe Ciot's LinkedIn profile indicates Phillippe Ciot is still employed by Lowe's Canada, despite Lowe's Canda being dissolved, therefore it is plausible that Philippe Ciot is employed by, or an agent of, LOWES DEFENDANT or another subsidiary of Lowe's Companies, Inc.  See *Id*. and Exhibit 22 (modified to hide the profile picture).

69.    Upon information and belief, subsidiaries of Lowe's Companies, Inc. (*i.e.*, LOWES DEFENDANT'S parent company) share some employees, managers, information and/or officers with other Lowe's entities, and therefore it is reasonable that information may be shared or otherwise communicated between Lowe's entities.

70.    For example, "David Ray Green" is identified in Exhibits 23-27, and "Beth R. MacDonald" is identified in Exhibits 24 and 25.  Hence, the third presentation by PLAINTIFF may be reasonably expected to have directly or indirectly put LOWES DEFENDANT on notice of PLAINTIFF'S PATENT during at least the pendency of PLAINTIFF'S PATENT.

71.    As a further example, according to a translation of the corporate registration document for LOWES DEFENDANT'S sister company Lowe's Global Sourcing (Shanghai) Ltd. ("LOWES CHINA") in China, "David Ray Green" is the "Legal Representative" of LOWES CHINA.  See, *e.g.*, Exhibits 26 and 27, which include a Chinese foreign corporate registration and a translation thereof, provided by a third party web application.

72.    David Ray Green is, in summary, a common owner, manager, and/or legal officer to at least the following Lowe's entities:



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

1        (1) LOWES DEFENDANT'S sister subsidiary LOWES CHINA (see Exhibits 26

2           and 27),

3        (2) LOWES DEFENDANT'S parent company Lowe's Companies, Inc. (see

4           Exhibit 23),

5        (3) LOWES DEFENDANT (see Exhibit 24); and

6        (4) LOWES DEFENDANT'S sister subsidiary L G Sourcing, Inc. (Exhibit 25).

7 73.    Upon information and belief, "Beth R MacDonald" is also common owner,

8 manager, and/or legal officer to all of the following Lowe's entities:

9        (1) LOWES DEFENDANT (see Exhibit 24);

10        (2) L G Sourcing, Inc. (see Exhibit 25);

11        (3) Lowe's Home Centers (Canada) Inc., (see Exhibit 20) which was dissolved

12           February 25, 2019 (see Articles of Dissolution provided in Exhibits 20 and

13           21, and as available from the Government of Canada via https://ised-

14           isde.canada.ca/site/ised/en)

15 74.    Upon information and belief, LOWES CHINA was aware of PLAINTIFF'S

16 PATENT, during its pendency, as of the date of the third presentation to Lowe's and/or

17 shortly thereafter.

18 75.    Upon information and belief, "Lagoshi" in Exhibit 27 refers to a simplified

19 Chinese spelling of the English letters "L", "G", and "S", and these letters refer to

20 "Lowe's" "Global" "Sourcing".

21 76.    The purpose of the Presentation to Lowe's on January 15, 2020 was to solicit

22 LOWES DEFENDANT to order PLAINTIFF'S lighting products from PLAINTIFF, so

23 that LOWES DEFENDANT would retail PLAINTIFF'S lighting products in at least

24 LOWES DEFENDANT'S US stores.  Slides from the presentation to buying staff for

25 LOWES DEFENDANT are shown in Exhibit 5.

26 77.    Upon information and belief, *after* PLAINTIFF filed for PLAINTIFF'S PATENT,

27 PLAINTIFF provided presentations to Home Depot, Lowe's, and Costco, in furtherance

28

of soliciting these companies to purchase and/or and then retail PLAINTIFF'S lighting products that are the subject of PLAINTIFF'S PATENT.

78.    Upon information and belief, and in response to PLAINTIFF'S presentation to buying staff for Home Depot, Lowe's, and Costco, the buying staff for these companies *expressed interest* in purchasing PLAINTIFF'S lighting products that are the subject of PLAINTIFF'S PATENT.

**INITIAL ORDERS FROM LOWE'S *AFTER* PLAINTIFF'S PRESENTATION**

79.    PLAINTIFF repeats and realleges paragraphs 1-78 of this Complaint, as if fully set forth herein.

80.    On or around April 13, 2021, PLAINTIFF received email communications ("the Manufacturer Communications") from PLAINTIFF'S approved manufacturer ("PLAINTIFF'S MANUFACTURER") indicating that sales orders for PLAINTIFF'S lighting products have been received by PLAINTIFF'S approved manufacturer.  See Exhibit 71, which includes some correspondence from the Manufacturer Communications.

81.    Exhibit 71 includes a PO number ("149907823") that matches the PO number from one of the sales orders attached as Exhibit 72.

82.    The Manufacturer Communications included PDFs of sales orders, and those sales orders expressly identified "Lowe's" as the party directing the orders.  Additionally, the Manufacturer Communications expressly indicated that Lowes was placing these orders. See Exhibits 29-32, and 71-72.

83.    Copies of two of these sales orders are attached as Exhibits 29 and 31 ("the Sales Orders").  Translations of these two Sales Orders were submitted by Lowe's in a related suit.  The related suit is Case: 3:23-cv-01335-CAB-JLB at Doc. No. 14-3 (S.D. Cal. 2023) ("Related Suit"), and involves alleged infringement of PLAINTIFF'S PATENT by LOWES DEFENDANT.  The Related Suit involves different Utilitech brand products manufactured by Zhejiang Yankon Group Co. Ltd.  In other words, the related suit does



1    not involve the Halo brand products that are at issue in this Complaint and pictured in,
2    *infra* Tables 1-10.

3    84.    The Sales Orders have been edited in Exhibits 29-32 and 72 to highlight where
4    "Lowe's" is expressly identified.  Upon information and belief, the Chinese characters
5    surrounding the word "Lowe's" translate to English as: "We are waiting for Lowe's to
6    finalize the needed amount," or, as provided by LOWES DEFENDANT in the related
7    suit, "Needed quantities of spare parts are pending final confirmation from Lowes."

8    85.    In other words, LOWES DEFENDANT, through their sworn declaration in the
9    Related Suit, provided the above-identified translations, and LOWES DEFENDANT'S
10   own translations also confirm that "Lowe's" was the entity requesting the products
11   identified in the Sales Orders. LOWES DEFENDANT'S translations also indicate that
12   the "Buyer" is "DREAMUTE TECHNOLOGY", but this may be inaccurate and should
13   be "DREAMLITE TECHNOLOGY."  See Exhibits 29-32.

14   86.    The Sales Orders include a Notice that advises Lowe's of the intellectual property
15   associated with PLAINTIFF'S lighting products.  See *Id*.

16   87.    As emphasized in Exhibits 29 and 31, and upon information and belief, the
17   Chinese characters highlighted below each table in the Sales Orders, and adjacent to
18   item "2," translate to English as: "The product must satisfy the technical and intellectual
19   property rules of the country in which the product is being sold," and thereafter indicate
20   that the buyer is liable for any "intellectual property violations."  This translation is
21   confirmed by LOWES DEFENDANT'S translations they submitted on the record in the
22   Related Suit, and attached as Exhibits 30 and 32.

23   88.    Furthermore, comparing Exhibit 35 to Exhibits 29-32 evidences correlations
24   between the Sales Orders and LOWES DEFENDANT'S item #CJB6099FS1EMWR.

25   89.    For example, LOWES DEFENDANT'S webpage from Exhibit 35 expressly
26   boasts a product benefit being that "this canless recessed downlight is designed for use
27   in new construction, remodel and retrofit installations," hence boasting the "*3* in *1*"
28   product description from the Sales Orders in Exhibits 29-32 and 72.  In other words,


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

COMPLAINT AND REQUEST FOR RELIEF

LOWES DEFENDANT'S boasting of *three* different uses for their *one* item #CJB6099FS1EMWR correlates to product description "*3 in 1*" from the Sales Orders. See Exhibits 29-32, 35, and 72.

90.    Other correlations include the dimensions "5/6 inch", "5 adjustable white colors" (*e.g.*, 2.7K, 3K, 3.5K, 4K, 5K from the Sales Orders), and the various parts included with Sales Orders and LOWES DEFENDANT'S infringing products (*e.g.*, E26 conversion bulb holder, TP24 connector, installation manual, etc.).  See Exhibits 29-32, 35, 72, and *infra* Tables 1-10.

91.    Upon information and belief, the Sales Orders were facilitated at least in part by employees of LOWE'S CHINA, a Chinese subsidiary of LOWES DEFENDANT'S parent company Lowe's Companies, Inc., and/or employees of LG Sourcing, Inc., another subsidiary of Lowe's Companies, Inc.  See Exhibits 26-28.

92.    On May 8, 2023, PLAINTIFF sent LOWES DEFENDANT a cease and desist letter ("Lowes Letter") through USPS certified mail, which was thereafter acknowledged by LOWES DEFENDANT.  See Exhibit 54.

93.    The Lowes Letter (1) identified PLAINTIFF'S PATENT, (2) alleged that LOWES DEFENDANT is infringing PLAINTIFF'S PATENT, and (3) included claim tables similar to *infra* Tables 1-10.  The tables in the Lowes Letter addressed infringement of LOWE'S DEFENDANT'S Utilitech brand product, rather than LOWES DEFENDANT'S Halo brand product, having model # CJB6099FS1EMWR.  See Exhibit 54.  Nonetheless, LOWES DEFENDANT have received detailed notices of their infringing activities of PLAINTIFF'S PATENT, at least since their receipt of the Lowes Letter.

94.    On May 22, 2023, PLAINTIFF emailed a PDF version of the Lowes Letter to law@lowes.com and received an auto-response the same day.  The auto-response indicated that "[e]ach email received at law@lowes.com will be routed to the appropriate group to handle your request."  See Exhibit 65.



95.    At least in view of (1) the written intellectual property Notices being incorporated into the multiple Sales Orders, (2) PLAINTIFF'S third presentation provided to Lowe's, (3) the overlapping of LOWES DEFENDANT'S employees with other Lowe's entities, and (3) the Related Suit that has placed LOWES DEFENDANT on further notice of their ongoing infringing activities, PLAINTIFF asserts that LOWES DEFENDANT'S ongoing infringing conduct should be considered willful and egregious per 35 U.S.C. § 284.

## COOPER DEFENDANT'S PRODUCT LAUNCH *AFTER* PLAINTIFF'S PRESENTATIONS TO LOWES AND HOME DEPOT DEFENDANTS

96.    PLAINTIFF repeats and realleges paragraphs 1-95 of this Complaint, as if fully set forth herein.

97.    On or around July 25, 2023 or August 14, 2023, COOPER DEFENDANT marketed their infringing products by publishing the "Halo CJB Spec Sheet", which included descriptions of COOPER DEFENDANT'S lighting products that infringe PLAINTIFF'S PATENT.  See Exhibits 11-13.

98.    On or around August 14, 2023, COOPER DEFENDANT further marketed their infringing products by publishing the "HALO CJB Series Integrated JBox Downlight brochure", which included descriptions of benefits of COOPER DEFENDANT'S lighting products that infringe PLAINTIFF'S PATENT.  See Exhibits 11-13.

99.    On or around October 16, 2023, COOPER DEFENDANT published a YouTube video, which conveys benefits of COOPER DEFENDANT'S lighting products that infringe PLAINTIFF'S PATENT.  The video can be found at the following URL: https://www.youtube.com/watch?v=G8RUS8OjFs8, and a screenshot is attached as Exhibit 14.

100.    PLAINTIFF'S counsel test purchased DEFENDANTS' product "Model # CJB6099FS1EMWR" on November 9, 2023 via HomeDepot.com at URL: https://www.homedepot.com/p/HALO-CJB-6-in-2-in-1-Installation-LED-Downlight-


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

with-Attached-JBOX-75-Watt-Equivalent-5CCT-900-Lumen-CJB6099FS1EMWR/327380367.  See also Exhibit 10.

101.   PLAINTIFF'S counsel also test purchased COOPER DEFENDANT'S, HOME DEPOT DEFENDANT'S, and AMAZON DEFENDANTS' product "Model # CJB4069FS1EMWR" on November 21, 2023 via Amazon.com at URL: https://www.amazon.com/dp/B0CCYXYFH5.  See also Exhibit 50.

102.   DEFENDANTS' infringing products test purchased by PLAINTIFF'S counsel are shown in *infra* Tables 1-10.

103.   DEFENDANTS' lighting products are "Made in China", as indicated on packaging of test purchased products.  See Exhibits 15 and 16.

104.   Front views of packaging of DEFENDANTS' lighting products are shown in Exhibit 16.

105.   According to publicly available Bill of Ladings (*e.g.*, BANQ1055293266 / MEDUE9145958 having an arrival date of 10/13/2023), COOPER DEFENDANT receives shipments of products of H.S. Code 940510 (*e.g.*, "LED Fixture[s]") from a Chinese Exporter, KLite International Trade Co. (d.b.a., 凯耀照明股份有限公司），having an address of Lane 299, Guanghua Rd. Ningbo, 315000, China.  See Exhibit 17, which includes publicly available data that can be accessed and compiled from websites such as importyeti.com and usimports.info, among others.

106.   According to Bill of Ladings, COOPER DEFENDANT and their parent company Signify regularly utilize, or otherwise benefit from, the ports in this District to facilitate their infringing activities.  See Exhibits 17, 47, 55, and 56 (modified).

107.   Upon information and belief, the mark "Halo" is owned by "Signify Holding B.V." of the Netherlands for "recessed lighting figures"; Signify Holding B.V. is a sister subsidiary of COOPER DEFENDANT; and Signify Holding B.V. and COOPER DEFENDANT are subsidiaries of their parent company Signify, headquartered in Eindhoven, Netherlands.  See Exhibits 57-60, 64, and 66.



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

108.   COOPER DEFENDANT'S parent company Signify announced, in 2019, that Signify acquired COOPER DEFENDANT, as well as a 51% stake in Zhejiang Klite Lighting Holdings Co. Ltd.  Signify indicated that these acquisitions "strengthen[ their] position in the supply chain of LED lamps and luminaires…[and their] position in the attractive North American lighting market" (modified).  Signifies annual report from 2019 define a "luminaire" as having "one or more light sources" and at least "the mechanical components required to support or attach [their respective] housing" (modified).  See 57-62 and 64.

109.   Upon information, HOME DEPOT DEFENDANT has also imported lighting products manufactured by Zhejiang Klite Lighting Holdings Co. Ltd. since Signify's acquisition of Zhejiang Klite Lighting Holdings Co. Ltd.  See Exhibit 63.

## LOWES DEFENDANT'S WILLFUL PATENT INFRINGEMENT

110.   PLAINTIFF repeats and realleges paragraphs 1-109 of this Complaint, as if fully set forth herein.

111.   At least in view of: (1) the written intellectual property Notices being incorporated into the multiple Sales Orders, (2) common agents and knowledge alleged to have been shared among the various Lowe's subsidiaries (including LOWES DEFENDANT), (3) currently pending litigation against LOWES DEFENDANT involving PLAINTIFF'S PATENT being infringed by a Utilitech product manufactured by Zhejiang Yankon Group, Co. Ltd., (4) cease and desist letters being sent to LOWES DEFENDANT on May 8, 2023 and May 22, 2023, even prior to the Related Suit (see attached Exhibit 54), and (5) the Presentation with patent pending Notices provided to the LOWES DEFENDANT and/or buying staff for LOWES DEFENDANT, PLAINTIFF asserts that LOWES DEFENDANT'S conduct subsequent to receiving at least these Notices and information amounts to egregious and willful patent infringement by LOWES DEFENDANT per 35 U.S. Code § 284.

112.   PLAINTIFF asserts that LOWES DEFENDANT at least "should have known" of, or acted willfully blind to, PLAINTIFF'S patent and LOWES DEFENDANT'S

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

infringement, by the time the LOWES DEFENDANT began selling their infringing lighting products at least two years after PLAINTIFF provided a presentation to LOWES DEFENDANT on January 15, 2020 (see Exhibit 5).

113.    Furthermore, considering PLAINTIFF'S patent was pending at the time of the presentation—at least two years before LOWES DEFENDANT began selling LOWES DEFENDANT'S infringing products on or before September 19, 2023 (see Exhibit 36)—LOWES DEFENDANT should have known that PLAINTIFF'S PATENT had been issued or was willfully blind to this fact.  See, *e.g.*, *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2063 (2011), ("The traditional rational for the [willful blindness] doctrine is that defendants who behave in this manner are just as culpable as those who have actual knowledge").

114.    Contextual evidence further supports the LOWES DEFENDANT *should have known* of, or was willfully blind to, PLAINTIFF'S patent  and LOWES DEFENDANT'S infringement, after the various Notices, and should have known the injuries their pirating activities would cause.  For example, LOWES DEFENDANT has extensive patent law experience, since being a party to approximately 100+ patent-related civil actions between the years 2000 and 2023.  See, *e.g.*, Exhibit 34, which provides one of three pages of search results from PACER that can be found by searching for "Lowe's Home Centers" as a party to a civil suit that is of the "Nature" "830" (830 refers to patent-related civil actions).

**HOME DEPOT DEFENDANT'S WILLFUL PATENT INFRINGEMENT**

115.    PLAINTIFF repeats and realleges paragraphs 1-114 of this Complaint, as if fully set forth herein.

116.    At least in view of: (1) the written intellectual property Notices being incorporated into the multiple of PLAINTIFF'S presentations, and (2) common agents and knowledge shared among the various Home Depot subsidiaries (including HOME DEPOT DEFENDANT,  and Home Depot Investment Management (Shanghai) Co., Ltd., d.b.a., 家得宝投资管理（上海）有限公司), PLAINTIFF asserts that HOME DEPOT


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

1   DEFENDANT'S conduct subsequent to receiving at least these Notices and information

2   amounts to egregious and willful patent infringement by HOME DEPOT DEFENDANT

3   per 35 U.S. Code § 284.  See Exhibits 67, 68, and 75.

4   117.   PLAINTIFF asserts that HOME DEPOT DEFENDANT at least "should have

5   known" of, or was willfully blind to, PLAINTIFF'S patent by the time the HOME

6   DEPOT DEFENDANT began selling their infringing lighting products at least two years

7   after PLAINTIFF provided presentations to HOME DEPOT DEFENDANT on April 2,

8   2019 and on August 27, 2019, especially considering those presentations expressly

9   indicated that PLAINTIFF'S PATENT was pending (see Exhibits 6 and 7).

10   118.   Furthermore, considering PLAINTIFF'S patent was pending at the time of the

11   presentations—at least two years before HOME DEPOT DEFENDANT began selling

12   HOME DEPOT DEFENDANT'S infringing products on or before September 23, 2019

13   (see Exhibit 37)—HOME DEPOT DEFENDANT should have known that

14   PLAINTIFF'S PATENT had been issued or was willfully blind to this fact.  See, *e.g.*,

15   *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2063 (2011), ("The

16   traditional rational for the [willful blindness] doctrine is that defendants who behave in

17   this manner are just as culpable as those who have actual knowledge").

18   119.   PLAINTIFF notes the oldest reviews for HOME DEPOT and LOWES

19   DEFENDANTS' infringing 6-inch product is by the same user ("raennm1"), the same

20   day, and with the same review content (*e.g.*, images, text, etc.).  See, *e.g.*, Exhibits 36

21   and 37.  This should *not* be considered a coincidence but, rather, should be considered

22   contextual evidence for a coordinated effort by LOWES DEFENDANT and HOME

23   DEPOT DEFENDANT to infringe PLAINTIFF'S PATENT.  However, PLAINTIFF

24   fairly notes that the degree to which infringement-related information was shared (or not

25   shared) exclusively between HOME DEPOT DEFENDANT and LOWES

26   DEFENDANT may not be adequately quantified until more facts are discovered.

27

28


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

**INFRINGEMENT OF PLAINTIFF'S PATENT BY DEFENDANTS' PRODUCTS**

120.    PLAINTIFF repeats and realleges paragraphs 1-119 of this Complaint, as if fully set forth herein.

121.    Upon information and belief, on or before September 19, 2023, DEFENDANTS imported and/or sold, in the United States and internationally, DEFENDANTS' infringing lighting products (*e.g.*, see Exhibits 9-16, 35-37, 40-43, and 50) in violation of 35 U.S.C. § 271.

122.    Exhibit 9 provides a screenshot of the HOME DEPOT DEFENDANT'S website, via which a 12-pack of infringing "HALO" products, identified as "Internet #327709196 Model #CJB4069FS1EMQR12P", can be purchased.  Exhibit 9 screenshot was captured on or before December 10, 2023.

123.    Exhibit 10 provides a screenshot of the HOME DEPOT DEFENDANT'S website, via which an infringing "HALO" product, identified as "Internet # 327380367 Model #CJB6099FS1EMQR" can be purchased.

124.    The infringing product in Exhibit 10, Model #CJB6099FS1EMQR, is also sold by HOME DEPOT DEFENDANT in a 12-pack, as shown in Exhibit 43.  The Exhibits 10 and 43 are screenshots captured on or before December 10, 2023.

125.    Exhibits 36 and 37 provide screenshots of the LOWES DEFENDANT'S website, via which an infringing "HALO" product, identified as "Item # 5296062 | Model #CJB6099FS1EMQR" can be purchased.  Exhibits 35-37 are screenshots captured on or before December 10, 2023.

126.    Exhibit 40 provides a screenshot of the AMAZON DEFENDANTS' website, via which a 12-pack of infringing "HALO" products, identified as "model number CJB6099FS1EMWR-12P" and ASIN (Amazon Specific Identification Number) "B0CCYWF9XH" can be purchased.  Exhibit 41 includes screenshots captured on or before December 10, 2023.

127.    Exhibit 40 indicates AMAZON DEFENDANTS made the aforementioned product, # CJB6099FS1EMWR-12P, first available on July 27, 2023.



128.   Exhibit 41 provides a screenshot of the AMAZON DEFENDANTS' website, via which a 12-pack of infringing "HALO" products, identified as "model number CJB4099FS1EMWR-12P" and ASIN (Amazon Specific Identification Number) "B0CCYV17CX" can be purchased.  Exhibit 41 includes screenshots captured on or before December 10, 2023.

129.   Exhibits 41 indicates AMAZON DEFENDANTS made the aforementioned product first available on July 27, 2023.

130.   Exhibit 50 provides a screenshot of the AMAZON DEFENDANTS' website, via which the infringing "HALO" product, identified as "model number CJB4099FS1EMWR" and ASIN (Amazon Specific Identification Number) "B0CCYXYFH5" can be purchased. Exhibit 50 includes screenshots captured on or before December 10, 2023.

131.   Exhibits 50 indicates AMAZON DEFENDANTS made the aforementioned product first available on July 27, 2023.

132.   Exhibit 42 provides a screenshot of the AMAZON DEFENDANTS' website, via which the infringing "HALO" product, identified as "model number CJB6099FS1EMWR" and ASIN (Amazon Specific Identification Number) "B0CCYV6B5T" can be purchased.  Exhibit 42 includes screenshots captured on or before December 10, 2023.

133.   Exhibit 42 indicates AMAZON DEFENDANTS made the aforementioned product first available on November 17, 2023.

134.   Tables 1-10 provide claim mappings between PLAINTIFF'S PATENT CLAIMS and DEFENDANTS' infringing products.

135.   Images in the right column of Tables 1, 3, 5, 7, and 9 include photographs of products purchased directly from HOME DEPOT DEFENDANT'S website, and content available through each DEFENDANT'S website.

136.   Referenced content found in Tables 1, 3, 5, 7, and 9 can be found at the HOME DEPOT DEFENDANT'S website at https://www.homedepot.com/p/HALO-CJB-6-in-2-


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

in-1-Installation-LED-Downlight-with-Attached-JBOX-75-Watt-Equivalent-5CCT-900-Lumen-CJB6099FS1EMWR/327380367.

137.    Referenced content found in Tables 1, 3, 5, 7, and 9 can also be found at the LOWES DEFENDANT'S website at https://www.lowes.com/pd/Halo-6-Inch-Round-Direct-Retrofit-Mount-Downlight-JBOX-650-lm-90CRI-5CCT/5014206189.

138.    Referenced content found in Tables 1, 3, 5, 7, and 9 can also be found at the AMAZON DEFENDANT'S website at https://www.amazon.com/HALO-Recessed-Integrated-Downlight-Attached/dp/B0CCYWF9XH.

139.    Referenced content found in Tables 1, 3, 5, 7, and 9, though not verbatim, can be found at the COOPER DEFENDANT's website at:

https://www.cooperlighting.com/global/brands/halo/10383537/cjb-integrated-jbox-downlight.

140.    Images in the right column of Tables 2, 4, 6, 8, and 10 include photographs of products purchased directly from AMAZON DEFENDANTS' website, and content available through some DEFENDANT'S websites.

141.    Referenced content found in Tables 2, 4, 6, 8, and 10 can be found at the HOME DEPOT DEFENDANT'S website at https://www.homedepot.com/p/HALO-CJB-4-in-Canless-Downlight-with-attached-JBOX-5CCT-600lm-60-Watt-Equivalent-12-Pack-CJB4069FS1EMW-12PK/327692050.

142.    Referenced content found in Tables 2, 4, 6, 8, and 10 can be found at the AMAZON DEFENDANTS' website at https://www.amazon.com/HALO-Recessed-Integrated-Downlight-Attached/dp/B0CCYV17CX.

143.    Referenced content found in Tables 2, 4, 6, 8, and 10, though not verbatim, can be found at the COOPER DEFENDANT's website at:

https://www.cooperlighting.com/global/brands/halo/10383537/cjb-integrated-jbox-downlight.



144.   TABLE 1 below provides a Claim mapping of Claim 1 from PLAINTIFF'S PATENT, and illustrates examples of how DEFENDANTS' product #CJB6099FS1EMWR infringe at least Claim 1 of PLAINTIFF'S PATENT.

145.                               TABLE 1:

| Claim 1 from the DSAE Patent | Images of product and manual for DEFENDANTS' Item #: CJB6099FS1EMWR |
|---|---|
| 1. An apparatus to detachably attach an LED light fixture to at least one of a ceiling, and a recessed lighting fixture housing, the apparatus comprises: | See Attached Images. |



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a plurality of retrofit clips
(102) adaptable to attach with
a body of the LED light
fixture by screwing them into
a plurality of screw holes
(110);





a plurality of new construction clips (104);



a plurality of connecting posts (106) to hold the new construction clips (104);





| a metal housing (108) to embody a complete fixture (112); | <br /> |

| a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires; and |  |
| --- | --- |
| a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108), |  |

1
2
3
4
5
6
7
8
9



10  wherein the retrofit clips
11  (102) make a friction fit
12  inside the recessed lighting
13  fixture housing to secure the
14  complete fixture (112) inside,



   

15  wherein the new construction
16  clips (104) are attached to the
17  connecting posts (106) if the
18  recessed lighting fixture
19  housing is not present.
20
21
22
23

homedepot.com/p/HALO-CJB-6-in-1-Installation-LED-Downlight-with-Attached-JBOX-75-

#1 Home Improvement Retailer

**2** **Easy Installation Options!**
• Fits into applications with as little as 1.5" plenum clearance
• IC rated, for direct contact with insulation

6.13"
(15.56 cm)
Ceiling Cutout Size



**Canless** install anywhere

   

24  "HALO simplifies your installation with this 2-in-1
25  slim downlight. The canless downlight with
26  attached JBOX makes wiring and mounting a
27  breeze. The JBox is attached so no need for
28

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| | additional components, this canless recessed downlight is designed for use in new construction, remodel and retrofit installations."<br><br>(See, *e.g.*, https://www.homedepot.com/p/HALO-CJB-6-in-2-in-1-Installation-LED-Downlight-with-Attached-JBOX-75-Watt-Equivalent-5CCT-900-Lumen-CJB6099FS1EMWR/327380367) |
|---|---|

146.    TABLE 2 below provides a Claim mapping of Claim 1 from PLAINTIFF'S PATENT, and illustrates examples of how COOPER DEFENDANT'S, HOME DEPOT DEFENDANT'S, and AMAZON DEFENDANTS' item # CJB4069FS1EMWR infringe at least Claim 1 of PLAINTIFF'S PATENT.

147.                                   TABLE 2:

| Claim 1 from the DSAE Patent | Images from product and manual for AMAZON, HOME DEPOT, and COOPER DEFENDANTS' item #: CJB4069FS1EMWR |
|---|---|
| 1. An apparatus to detachably attach an LED light fixture to at least one of a ceiling, and a recessed lighting fixture housing, the apparatus comprises: | See Attached Images. |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| a plurality of retrofit clips (102) adaptable to attach with a body of the LED light fixture by screwing them into a plurality of screw holes (110); |   |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| a plurality of new construction clips (104); | <br /> |
| a plurality of connecting posts (106) to hold the new construction clips (104); |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

a metal housing (108) to embody a complete fixture (112);





CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a junction box (116) to hold a plurality of connection wirings, wherein the junction box (116) comprises a plurality of output wires; and





CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108),





wherein the retrofit clips (102) make a friction fit inside the recessed lighting fixture housing to secure the complete fixture (112) inside,



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| | |
|---|---|
| wherein the new construction clips (104) are attached to the connecting posts (106) if the recessed lighting fixture housing is not present. | homedepot.com/p/HALO-CJB-4-in-2-in-1-Installation-LED-Downlight-with-Attached-JBOX-5C<br><br>#1 Home Improvement Retailer<br><br>**2** **Easy Installation Options!**<br>• Fits into applications with as little as 1.5" plenum clearance<br>• IC rated, for direct contact with insulation<br>4.13" (10.48 cm) Ceiling Cutout Size<br><br>**Canless** install anywhere<br>① ② ③ ④<br><br>"HALO simplifies your installation with this 2-in-1 slim downlight. The canless downlight with attached JBOX makes wiring and mountin a breeze. The JBox is attached so no need for additional components, this canless recessed downlight is designed for use in new construction, remodel and retrofit installations." (See https://www.homedepot.com/p/HALO-CJB-4-in-2-in-1-Installation-LED-Downlight-with-Attached-JBOX-5CCT-600lm-60-Watt-Equivalent-12-Pack-CJB4069FS1EMWR-12P/327709196#overlay) |

148.    TABLE 3 below provides a Claim mapping of Claim 2 from PLAINTIFF'S PATENT, and illustrates examples of how DEFENDANTS' item # CJB6099FS1EMWR infringe at least Claim 2 of PLAINTIFF'S PATENT.

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

149.                                TABLE 3:

| Claim 2 from PLAINTIFF'S PATENT | Images from product and manual for DEFENDANTS' Item: #CJB6099FS1EMWR |
|---|---|
| 2. The apparatus according to claim 1 comprises a socket adapter (114) to replace a light bulb in the recessed lighting fixture housing. | <br><br>ii. E26 Edison screw base adapter<br>Adaptateur pour culot vissé Edison E26<br>Adaptador Edison E26 con base enroscable |

150.    TABLE 4 below provides a Claim mapping of Claim 2 from PLAINTIFF'S PATENT, and illustrates examples of how COOPER DEFENDANT'S, HOME DEPOT DEFENDANT'S, and AMAZON DEFENDANTS' item # CJB4069FS1EMWR infringe at least Claim 2 of PLAINTIFF'S PATENT.

151.                              TABLE 4:

| Claim 2 from PLAINTIFF'S PATENT | Images of product and manual for AMAZON, COOPER, and HOME DEPOT DEFENDANTS' Item: #CJB4069FS1EMWR |
|---|---|
| 2. The apparatus according to claim 1 comprises a socket adapter (114) to replace a light bulb in the recessed lighting fixture housing. |   ii. E26 Edison screw base adapter<br>Adaptateur pour culot vissé Edison E26<br>Adaptador Edison E26 con base enroscable |

152.    TABLE 5 below provides a Claim mapping of Claim 3 from PLAINTIFF'S PATENT, and illustrates examples of how DEFENDANTS' item # CJB6099FS1EMWR infringe at least Claim 3 of PLAINTIFF'S PATENT.

153.                          TABLE 5:

| Claim 3 from PLAINTIFF'S PATENT | Images of product and manual for DEFENDANTS' Item: #CJB6099FS1EMWR |
|---|---|
| 3. The apparatus according to claim 1, wherein the new construction clips (104) squeeze ceiling material placed between the new construction clips (104) and an extremity of the metal housing (108). |  |

154.   TABLE 6 below provides a Claim mapping of Claim 3 from PLAINTIFF'S PATENT, and illustrates examples of how COOPER DEFENDANT'S, HOME DEPOT DEFENDANT'S, and AMAZON DEFENDANTS' item # CJB4069FS1EMWR infringe at least Claim 3 of PLAINTIFF'S PATENT.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

155.                                       TABLE 6:

| Claim 3 from PLAINTIFF'S PATENT | Images of product and manual for AMAZON, COOPER, and HOME DEPOT DEFENDANTS' Item: #CJB4069FS1EMWR |
|---|---|
| 3. The apparatus according to claim 1, wherein the new construction clips (104) squeeze ceiling material placed between the new construction clips (104) and an extremity of the metal housing (108). |  |

156.   TABLE 7 below provides a Claim mapping of Claim 4 from PLAINTIFF'S PATENT, and illustrates examples of how DEFENDANTS' item # CJB6099FS1EMWR infringe at least Claim 4 of PLAINTIFF'S PATENT.



157.                    <u>TABLE 7:</u>

| <u>Claim 4 from PLAINTIFF'S PATENT</u> | Images of product and manual for DEFENDANTS' Item: #CJB6099FS1EMWR |
|---|---|
| 4. The apparatus according to claim 1, wherein the complete fixture (112) comprises a plurality electrical systems, clips, and accessories. |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC



158.    TABLE 8 below provides a Claim mapping of Claim 4 from PLAINTIFF'S
PATENT, and illustrates examples of how COOPER DEFENDANT'S, HOME DEPOT
DEFENDANT'S, and AMAZON DEFENDANTS' item # CJB4069FS1EMWR infringe
at least Claim 4 of PLAINTIFF'S PATENT.

159.                    TABLE 8:

| Claim 4 from PLAINTIFF'S PATENT | Images of product and manual for AMAZON, COOPER, and HOME DEPOT DEFENDANTS' Item: #CJB4069FS1EMWR |
|---|---|
| 4.  The apparatus according to claim 1, wherein the complete fixture (112) comprises a plurality electrical systems, clips, and accessories. |  |

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC





160.    TABLE 9 below provides a Claim mapping of Claim 5 from PLAINTIFF'S PATENT, and illustrates examples of how DEFENDANTS' item # CJB6099FS1EMWR infringe at least Claim 5 of PLAINTIFF'S PATENT.



161.                                TABLE 9:

| Claim 5 from PLAINTIFF'S PATENT | Images of product and manual for DEFENDANTS' Item: #CJB6099FS1EMWR |
|---|---|
| 5.  The apparatus according to claim 1, wherein the junction box (116) allows an LED driver to be installed and comprises a predefined area to attach a plurality of wires. |  |

162.   TABLE 10 below provides a Claim mapping of Claim 5 from PLAINTIFF'S PATENT, and illustrates examples of how COOPER DEFENDANT'S, HOME DEPOT DEFENDANT'S, and AMAZON DEFENDANTS' item # CJB4069FS1EMWR infringe at least Claim 5 of PLAINTIFF'S PATENT.

163.                                TABLE 10:

| Claim 5 from PLAINTIFF'S PATENT | Images of product and manual for AMAZON, COOPER, and HOME DEPOT DEFENDANTS' Item: #CJB4069FS1EMWR |
|---|---|

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

| | |
|---|---|
| 5. The apparatus according to claim 1, wherein the junction box (116) allows an LED driver to be installed and comprises a predefined area to attach a plurality of wires. |  |

## DAMAGES ATTRIBUTABLE TO COOPER DEFENDANT

164.   PLAINTIFF repeats and realleges paragraphs 1-163 of this Complaint, as if fully set forth herein.

165.   Upon information and belief, PLAINTIFF has been, and continues to be, damaged by the unlawful acts of the COOPER DEFENDANT, including, but not limited to, loss of sales, loss of profits, loss of market share, among other economic hardships.

166.   PLAINTIFF estimates damages to be at least gross profits on sales of any of the COOPER DEFENDANT'S lighting products that infringe PLAINTIFF'S PATENT. PLAINTIFF reasonably estimates COOPER DEFENDANT'S gross profits since September of 2023 to be $1,216,800.00, which is based on a reasonable assumption of 6 units of CJB4069FS1EMWR sold per week and 12 units of CJB6099FS1EMWR sold per week at approximately 4,000 retailers throughout the United States (including LOWES DEFENDANT, HOME DEPOT DEFENDANT, and AMAZON DEFENDANTS' stores and/or warehouses).

167.   PLAINTIFF estimates additional damages to be a royalty on ongoing sales of any of the COOPER DEFENDANT'S infringing lighting products during the lifetime of PLAINTIFF'S PATENT.

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

168.   Upon information and belief, COOPER DEFENDANT has infringed, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, and offering for sale COOPER DEFENDANT's lighting products from the United States, and importing into the United States, COOPER DEFENDANT'S lighting products that embody each and every claim element of each respective claim of PLAINTIFF'S PATENT, and/or by inducing such infringement.

169.   Upon information and belief, COOPER DEFENDANT knows of the existence of PLAINTIFF'S PATENT and COOPER DEFENDANT'S infringement, as of any date of service of this Complaint (and possibly before).  Therefore, any ongoing acts of infringement are willful and in reckless disregard for PLAINTIFF's rights per PLAINTIFF'S PATENT, without any basis for believing that COOPER DEFENDANT had a right to engage in their otherwise infringing conduct.

170.   PLAINTIFF has sustained, and is likely to continue sustaining, actual damages due to COOPER DEFENDANT'S infringing activities, including lost sales and reduced market share resulting from COOPER DEFENDANT'S unlawful conduct.

171.   Unless enjoined by this Court, COOPER DEFENDANT will continue to infringe PLAINTIFF'S PATENT and cause PLAINTIFF to suffer irreparable harm for which there is no adequate remedy at law.  PLAINTIFF is thus entitled to an injunction against COOPER DEFENDANT.

### DAMAGES ATTRIBUTABLE TO LOWES DEFENDANT

172.   PLAINTIFF repeats and realleges paragraphs 1-171 of this Complaint, as if fully set forth herein.

173.   Upon information and belief, PLAINTIFF has been, and continues to be, damaged by the unlawful acts of the LOWES DEFENDANT, including, but not limited to, loss of sales, loss of profits, loss of market share, among other economic hardships.

174.   PLAINTIFF estimates damages to be at least gross profits on sales of any of the LOWES DEFENDANT'S lighting products that infringe PLAINTIFF'S PATENT.



PLAINTIFF reasonably estimates LOWES DEFENDANT'S gross profits since September of 2023 to be $1,567,614.62, which is based on a reasonable assumption of 12 units of CJB6099FS1EMWR sold per week at LOWES DEFENDANT'S 1,737 retail stores throughout the United States.  See Exhibit 33.

175.   PLAINTIFF estimates additional damages to be a royalty on ongoing sales of any of the LOWES DEFENDANT'S infringing lighting products during the lifetime of PLAINTIFF'S PATENT.

176.   Upon information and belief, LOWES DEFENDANT has infringed, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, and offering for sale LOWES DEFENDANT'S lighting products that embody each and every claim element of each respective claim of PLAINTIFF'S PATENT, and/or by inducing such infringement.

177.   Upon information and belief, LOWES DEFENDANT has known of the existence of PLAINTIFF'S PATENT and LOWES DEFENDANT'S infringement.  Therefore, their acts of infringement have been, and continue to be, willful and in reckless disregard for the PLAINTIFF'S rights per PLAINTIFF'S PATENT, without any basis for believing that LOWES DEFENDANT had a right to engage in their otherwise infringing conduct.

178.   PLAINTIFF has sustained, and is likely to continue sustaining, actual damages due to LOWES DEFENDANT'S activities, including lost sales and reduced market share resulting from LOWES DEFENDANT'S infringing conduct.

179.   Unless enjoined by this Court, LOWES DEFENDANT will continue to infringe PLAINTIFF'S PATENT and cause PLAINTIFF to suffer irreparable harm for which there is no adequate remedy at law.  PLAINTIFF is thus entitled to an injunction against LOWES DEFENDANT.



## DAMAGES ATTRIBUTABLE TO HOME DEPOT DEFENDANT

180.   PLAINTIFF repeats and realleges paragraphs 1-179 of this Complaint, as if fully set forth herein.

181.   Upon information and belief, PLAINTIFF has been, and continues to be, damaged by the unlawful acts of the HOME DEPOT DEFENDANT, including, but not limited to, loss of sales, loss of profits, loss of market share, among other economic hardships.

182.   PLAINTIFF estimates damages to be at least gross profits on sales of any of the HOME DEPOT DEFENDANT'S lighting products that infringe PLAINTIFF'S PATENT.  PLAINTIFF reasonably estimates HOME DEPOT DEFENDANT'S gross profits since September of 2023 to be $5,102,289.92, which is based on a reasonable assumption of 6 units of CJB4069FS1EMWR sold per week and 12 units of CJB6099FS1EMWR sold per week at HOME DEPOT DEFENDANT'S 2,005 retail stores throughout the United States.  See Exhibit 73.

183.   PLAINTIFF estimates additional damages to be a royalty on ongoing sales of any of the HOME DEPOT DEFENDANT'S infringing lighting products during the lifetime of PLAINTIFF'S PATENT.

184.   Upon information and belief, HOME DEPOT DEFENDANT has infringed, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, and offering for sale HOME DEPOT DEFENDANT'S lighting products from the United States, and importing into the United States, HOME DEPOT DEFENDANT'S lighting products that embody each and every claim element of each respective claim of PLAINTIFF'S PATENT, and/or by inducing such infringement.

185.   Upon information and belief, HOME DEPOT DEFENDANT has known of the existence of PLAINTIFF'S PATENT and HOME DEPOT DEFENDANT'S infringement.  Therefore, their acts of infringement have been, and continue to be, willful and in reckless disregard for the PLAINTIFF'S rights per PLAINTIFF'S PATENT, without any basis for believing that HOME DEPOT DEFENDANT had a right to engage in their otherwise infringing conduct.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

186.   PLAINTIFF has sustained, and is likely to continue sustaining, actual damages
due to HOME DEPOT DEFENDANT'S activities, including lost sales and reduced
market share resulting from HOME DEPOT DEFENDANT'S infringing conduct.

187.   Unless enjoined by this Court, HOME DEPOT DEFENDANT'S will continue to
infringe PLAINTIFF'S PATENT and cause PLAINTIFF to suffer irreparable harm for
which there is no adequate remedy at law.  PLAINTIFF is thus entitled to an injunction
against HOME DEPOT DEFENDANT.

## DAMAGES ATTRIBUTABLE TO AMAZON DEFENDANTS

188.   PLAINTIFF repeats and realleges paragraphs 1-187 of this Complaint, as if fully
set forth herein.

189.   Upon information and belief, PLAINTIFF has been, and continues to be, damaged
by the unlawful activities of the AMAZON DEFENDANTS, including, but not limited
to, loss of sales, loss of profits, loss of market share, among other economic hardships.

190.   PLAINTIFF estimates damages to be at least gross profits on sales of any of the
AMAZON DEFENDANTS' lighting products that infringe PLAINTIFF'S PATENT.
PLAINTIFF reasonably estimates AMAZON DEFENDANTS' gross profits since
September of 2023 to be $765,343.49, which is based on AMAZON DEFENDANTS'
referral fee percentage of 15% on gross sales of home improvement products, and a
volume of sales that is similar to the estimation of HOME DEPOT DEFENDANT'S
sales since September 2023.  See Exhibit 74.

191.   PLAINTIFF estimates additional damages to be a royalty on ongoing sales of any
of the AMAZON DEFENDANTS' infringing lighting products during the lifetime of
PLAINTIFF'S PATENT.

192.   Upon information and belief, AMAZON DEFENDANTS have infringed, directly,
indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, and offering
for sale AMAZON DEFENDANTS' lighting products that embody each and every
claim element of each respective claim of PLAINTIFF'S PATENT, and/or by inducing
such infringement.

CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

193.   Upon information and belief, AMAZON DEFENDANTS know of the existence
of PLAINTIFF'S PATENT and AMAZON DEFENDANTS' infringement, as of any
date of service of this Complaint (and possibly before).  Therefore, their ongoing acts of
infringement are willful and in reckless disregard for the PLAINTIFF's rights per
PLAINTIFF'S PATENT, without any basis for believing that AMAZON
DEFENDANTS had a right to engage in the infringing conduct.

194.   PLAINTIFF has sustained, and is likely to continue sustaining, actual damages
due to AMAZON DEFENDANTS' activities, including lost sales and reduced market
share resulting from AMAZON DEFENDANTS' infringing conduct.

195.   Unless enjoined by this Court, AMAZON DEFENDANTS will continue to
infringe PLAINTIFF'S PATENT and cause PLAINTIFF to suffer irreparable harm for
which there is no adequate remedy at law.  PLAINTIFF is thus entitled to an injunction
against AMAZON DEFENDANT.

## COUNT 1

### (COOPER DEFENDANT'S Infringement of PLAINTIFF'S PATENT)

196.   PLAINTIFF repeats and realleges paragraphs 1-195 of this Complaint, as if fully
set forth herein.

197.   PLAINTIFF is the owner of all right, title, and interest in and to the validly issued
PLAINTIFF'S PATENT including all rights to enforce PLAINTIFF'S PATENT.

198.   Upon information and belief, COOPER DEFENDANT has been and is still
infringing, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using,
selling, offering for sale from the United States, and/or importing into the United States,
including within California State and this District, COOPER DEFENDANT'S infringing
products in violation of 35 U.S.C. § 271, and/or by inducing such infringement.

199.   Upon information and belief, COOPER DEFENDANT'S infringing activities,
subsequent to any date of service of this Complaint upon COOPER DEFENDANT, are
knowing, intentional, egregious, and willful, per 35 U.S.C. § 284 and *SRI Int'l., Inc. v.
Cisco Sys., Inc.* (Fed. Cir. 2021).



COMPLAINT AND REQUEST FOR RELIEF

200.   COOPER DEFENDANT'S alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF damages for which PLAINTIFF is entitled to fair compensation pursuant to 35 U.S.C. § 284.

201.   COOPER DEFENDANT'S alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

202.   This case is exceptional and, therefore, PLAINTIFF is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT 2

### (HOME DEPOT DEFENDANT'S Infringement of PLAINTIFF'S PATENT)

203.   PLAINTIFF repeats and realleges paragraphs 1-202 of this Complaint, as if fully set forth herein.

204.   PLAINTIFF is the owner of all right, title, and interest in and to the validly issued PLAINTIFF'S PATENT including all rights to enforce PLAINTIFF'S PATENT.

205.   Upon information and belief, HOME DEPOT DEFENDANT has been and is still infringing, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, offering for sale from the United States, and/or importing into the United States, including within California State and this District, HOME DEPOT DEFENDANT'S infringing products in violation of 35 U.S.C. § 271, and/or by inducing such infringement.

206.   Upon information and belief, HOME DEPOT DEFENDANT'S infringing activities have been, and continue to be knowing, intentional, egregious, and willful, per 35 U.S.C. § 284 and *SRI Int'l., Inc. v. Cisco Sys., Inc.* (Fed. Cir. 2021).

207.   HOME DEPOT DEFENDANT'S alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF damages for which PLAINTIFF is entitled to compensation pursuant to 35 U.S.C. § 284.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

208.    HOME DEPOT DEFENDANT'S alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

209.    This case is exceptional and, therefore, PLAINTIFF is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT 3

### (LOWES DEFENDANT'S Infringement of PLAINTIFF'S PATENT)

210.    PLAINTIFF repeats and realleges paragraphs 1-209 of this Complaint, as if fully set forth herein.

211.    PLAINTIFF is the owner of all right, title, and interest in and to the validly issued PLAINTIFF'S PATENT including all rights to enforce PLAINTIFF'S PATENT.

212.    Upon information and belief, LOWES DEFENDANT has been and is still infringing, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, offering for sale from the United States, and/or importing into the United States, including within California State and this District, LOWES DEFENDANT'S infringing products in violation of 35 U.S.C. § 271, and/or by inducing such infringement.

213.    Upon information and belief, LOWES DEFENDANT'S infringing activities have been, and continue to be knowing, intentional, egregious, and willful, per 35 U.S.C. § 284 and *SRI Int'l., Inc. v. Cisco Sys., Inc.* (Fed. Cir. 2021).

214.    LOWES DEFENDANT'S alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF damages for which PLAINTIFF is entitled to compensation pursuant to 35 U.S.C. § 284.

215.    LOWES DEFENDANT'S alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

216.   This case is exceptional and, therefore, PLAINTIFF is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

### COUNT 4

### (AMAZON DEFENDANTS' Infringement of PLAINTIFF'S PATENT)

217.   PLAINTIFF repeats and realleges paragraphs 1-216 of this Complaint, as if fully set forth herein.

218.   PLAINTIFF is the owner of all right, title, and interest in and to the validly issued PLAINTIFF'S PATENT including all rights to enforce PLAINTIFF'S PATENT.

219.   Upon information and belief, AMAZON DEFENDANTS have been and are still infringing, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT by using, selling, offering for sale from the United States, and/or importing into the United States, including within California State and this District, AMAZON DEFENDANTS' infringing products in violation of 35 U.S.C. § 271, and/or by inducing such infringement.

220.   Upon information and belief, AMAZON DEFENDANTS' infringing activities, subsequent to any date of service of this Complaint upon the AMAZON DEFENDANTS', are knowing, intentional, egregious, and willful, per 35 U.S.C. § 284 and *SRI Int'l., Inc. v. Cisco Sys., Inc.* (Fed. Cir. 2021).

221.   AMAZON DEFENDANTS' alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF damages for which PLAINTIFF is entitled to compensation pursuant to 35 U.S.C. § 284.

222.   AMAZON DEFENDANTS' alleged acts of infringement of PLAINTIFF'S PATENT have caused and will continue to cause PLAINTIFF immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

223.   This case is exceptional and, therefore, PLAINTIFF is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.



**WHEREFORE**, Plaintiff requests judgment against DEFENDANTS as follows: **(as regarding ALL COUNTS …)**

1.      Adjudging, finding, and declaring that each DEFENDANT'S lighting products have and do infringe, directly, indirectly, and/or by equivalents, PLAINTIFF'S PATENT, in violation of 35 U.S.C. § 271, and/or that each respective DEFENDANT is otherwise liable as an infringer of PLAINTIFF'S PATENT pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

2.      Granting an injunction and permanently enjoining each DEFENDANT and each DEFENDANT'S employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing PLAINTIFF'S PATENT, including all making, using, importing, advertising, offering for sale and selling each DEFENDANT'S infringing lighting products on any online shopping platforms, any online sales platform, as well as others distributing or selling each DEFENDANT'S infringing lighting products to the public and/or retailers, permanently remove from their respective platforms any and all sales pages illustrating, featuring, mentioning, selling, offering for sale each DEFENDANT'S lighting products, or any other relevant products, pursuant to 35 U.S.C. §283;

3.      Ordering each DEFENDANT to account for all sales (domestically and internationally), revenues, profits, and expenses, and ordering each DEFENDANT to compensate PLAINTIFF for each respective DEFENDANT'S wrongful gains and in furtherance of deterrence, and/or otherwise pay actual and compensatory damages adequate to compensate PLAINTIFF for each respective DEFENDANT'S infringement of PLAINTIFF'S PATENT, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4.      Ordering those damages, attributable to any one or more DEFENDANTS' willful and egregious infringing activities, be increased in an amount up to three times the



1    actual amount attributable to those one or more DEFENDANTS, at least as a deterrence,

2    pursuant to 35 U.S.C. § 284 and per *SRI Int'l., Inc. v. Cisco Sys., Inc.* (Fed. Cir. 2021).

3    5.    Declaring this case exceptional and awarding PLAINTIFF its reasonable

4    attorneys' fees, pursuant to 35 U.S.C. §285.

5    6.    Ordering each DEFENDANT to provide PLAINTIFF with sufficient information

6    to determine any past and/or present source of manufacturing, any suppliers, and any

7    distributors of each respective DEFENDANT'S lighting products;

8    7.    Ordering each DEFENDANT to provide PLAINTIFF with sufficient information

9    to determine details regarding communications, relevant decisions for action, and/or

10   inaction with respect to infringing PLAINTIFF'S PATENT, manufacturing each

11   DEFENDANT'S lighting products, importing each DEFENDANT'S lighting products,

12   and/or otherwise making each DEFENDANT'S lighting products available for purchase;

13   8.    Ordering each DEFENDANT to provide PLAINTIFF with sufficient information

14   to determine details regarding relevant communications, purchases, cancelations, and/or

15   agreements between any DEFENDANTS, and/or between any DEFENDANT and any

16   other entity that manufactured, shipped, imported, sold, retailed, tested, and/or otherwise

17   facilitated causing any DEFENDANT'S infringing lighting products to be at any

18   DEFENDANT'S stores and/or warehouses.

19   9.    Ordering each DEFENDANT to pay for expenses incurred by PLAINTIFF for

20   and associated with monitoring the DEFENDANT'S infringing activities, and

21   interacting with the DEFENDANT, their agents, and any other persons or entities to

22   identify, prove, and/or prevent the DEFENDANT'S infringing activities.

23   10.    An order requiring each DEFENDANT to pay enhanced damages, as a deterrence,

24   due to each DEFENDANT'S egregious and willful acts per 35 U.S.C. § 284 and *SRI*

25   *Int'l., Inc. v. Cisco Sys., Inc.* (Fed. Cir. 2021).

26   11.    An order directing each DEFENDANT issue a signed, written apology to

27   PLAINTIFF.

28   12.    Awarding any such other and further relief as this Court deems just and proper.


CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC

## <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38 and L. R. 38-1, Plaintiff demands a trial by jury on all issues so triable.

Dated: December 21, 2023

Cummins Intellectual Property (IP) Law PLLC

*/s/ Patrick Cummins*,

Patrick Cummins, CA Bar No. 294400

Patrick@CumminsIP.com

3426 Pepperhill Rd.

Lexington, KY 40502

Telephone: (502) 445-9880

***Counsel for Plaintiff,***

***DS Advanced Enterprises, Ltd.***



CUMMINS
INTELLECTUAL PROPERTY (IP)
LAW PLLC